IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDREA N. BROOKS, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-746-P |
| § | |
| MICHAEL CARR, Warden, § | |
| FMC-Carswell, § | |
|     Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Andrea N. Brooks, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as to ground one for lack of jurisdiction and dismissed as to grounds two and three for failure to exhaust administrative remedies.

## BACKGROUND

Petitioner is serving a 121-month total term of imprisonment for her 2015 convictions in the San Antonio Division of the United States District Court for the Western District of Texas for mail fraud and aggravated identity theft. J., *United States v. Brooks*, No. SA-13-CR-933(1)-OLG, ECF No. 48. Her projected release date is October 26, 2026. Resp't's Resp. 1, ECF No. 7. In this petition, Petitioner complains that her conviction is in violation of her Fifth Amendment right to due process and that the Bureau of Prisons (BOP) has not yet calculated and applied her earned time credits for evidence-based recidivism reduction

programs and productive activities under the First Step Act (FSA). Pet. 5–6, ECF No. 1.

## ISSUES

Specifically, Petitioner raises the following claims, verbatim:

(1)   [Her conviction is in] [v]iolation of the constitution for the United States of America (5th amendment right to due process).

(1)   The [FSA] was enacted on December 21, 2018. Congress set forth its clear intention through the plain language of sections 101 and 102, the amendments relating to the application of earned time credits and the implementation of the system that calculates those credits take effect beginning 210 days from its enactment which occured [sic] 7/19/2019.

(2)   Section based on eligible for earned time credits based on pattern risk level.

Pet. 5–6, ECF No. 1. Petitioner seeks to have the BOP "immediately apply [her] earned time credits that she is entitled to pursuant to the [FSA] and apply those credits to her sentence computation consistent with [the FSA]." *Id.* at 7. Respondent asserts that the petition should be dismissed because Petitioner did not exhaust her administrative remedies or, in the alternative, because she is not entitled to the relief she seeks. Resp't's Resp. 1–5 , ECF No. 7.

## DISCUSSION

**A. Due Process**

Under her first ground, Petitioner claims that her conviction

is in violation of an important and fundamental statutory right that effects her constitutional right. The fifth (5th) amendment gurantees [sic] the constitution provides that the petitioner shall not be deprived of life, liberty, or property without due process of law. Applied to the petition is violation of due process,

2

> violations of federal statutes an to which nationally uniform interpretation is particularly important.

Pet. 5, ECF No. 1.

This claim is vague and indecipherable. Furthermore, to the extent Petitioner attempts to challenge one or both of her convictions, § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his/her federal conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his/her detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that (1) his/her claim is based on a retroactively applicable United States Supreme Court decision, (2) his/her claim was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that he/she may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to satisfy these requirements in all respects. The Court is therefore without jurisdiction to consider ground one. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th

Cir. 2003).

### B. The FSA

The FSA, enacted on December 21, 2018, provides, among other things, for a system allowing eligible prisoners to earn time credits toward time in pre-release custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him/her based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provides for a two-year phase-in period for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF

4

JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete his/her assigned programs and activities "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

### C. Exhaustion

Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust her administrative remedies. Resp't's Resp. 1–3, ECF No. 8. Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative-exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States*, 395 U.S. 185, 193–95 (1969).

The administrative-remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10–542.19. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level

5

process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."[1] *Fuller*, 11 F.3d at 62. The petitioner bears the burden of showing the futility of exhaustion. *Id.*

Petitioner acknowledges that she did not pursue administrative remedies but asserts that "[e]xhaustion is not required when the petitioner demonstrates that it is futile and regards to claims which turn only on statutory construction."[2] Pet. 2–3, ECF No. 1. However, she

---

[1] Respondent asserts that the Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before bringing a lawsuit in federal court and that a court may not excuse an inmate's failure to do so. However, because § 2241's exhaustion requirement is judicially created, rather than statutorily imposed, it is "amenable to judge-made exceptions." *Ross v. Blake,* 578 U.S. 1174, ----, 136 S. Ct. 1850, 1857 (2016). *See also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (providing "[w]here Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs") (citations omitted)).

[2] Petitioner provides additional factual and legal support for her argument in her reply (ECF No. 9), however the pleading is not considered as it exceeds the page-limitation for reply briefs. *See* N.D. TEX. L. CIV. R. 7.2(c).

fails to present any evidence that any attempt to exhaust the administrative procedure would, in fact, be futile. Furthermore, exhaustion of administrative remedies would serve to develop the relevant factual record as to any decisions the BOP may make unique to Petitioner's case, such as, among others, the actual number of eligible days of credits she has accumulated, the number of days by which the credits reduce her sentence, and whether crediting her with those credits would make her eligible for immediate release to pre-release custody or supervised release. These are issues unrelated to statutory interpretation and would benefit from further development of the record in the administrative process.

The overwhelming majority of other courts to have considered the issue have agreed that exhaustion of administrative remedies is required to assist in developing the relevant facts and legal issues. *See, e.g., Iro v. Carr,* No. 4:21-CV-632-P, 2021 WL 4133497, at *2 (N.D. Tex. Sept. 10, 2021); *Rominger v. Spaulding,* No. 1:21-CV-00943, 2021 WL 2894760, at *2–3 (M.D.Pa. July 9, 2021), *appeal filed,* No. 21-2527 (3d Cir. Aug. 17, 2021); *Toussaint v. Knight,* No. 6:21-CV-00764-HMH-KFM, 2021 WL 2635887, at *3–4 (D.S.C. June 4, 2021), *R. & R. adopted,* 2021 WL 5479 (D.S.C. Jun 25, 2021); *Salter v. Fikes,* No. 20-CV-2253, 2021 WL 2365041, at *5–6 (D.Minn. May 5, 2021), *R. & R. adopted,* 2021 WL 2354934 (D.Minn. June 9, 2021); *Owens v. Joseph,* No. 3:20-CV-6008-LC-TTC, 2021 WL 3476621, at *1–3 (N.D.Fla. Apr. 19, 2021), *R. & R. adopted,* 2021 WL 3472837 (N.D.Fla. Aug. 5, 2021); *Cohen v. United States,* No. 20-CV-10833, 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021);*Workman v. Cox,* No. 4:20-CV-04197-LLP, 2021 WL 1080396,

7

at *1–3 (D.S.D. Jan. 13, 2021), *R. & R. adopted,* 2021 WL 1060205, (D.S.D. Mar. 18, 2021).

Because Petitioner failed to exhaust her administrative remedies, or demonstrate the futility of exhaustion, grounds two and three should be dismissed so that she may pursue her administrative remedies.

## CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with prejudice as to ground one for lack of jurisdiction and without prejudice as to grounds two and three for failure to exhaust administrative remedies.

**SO ORDERED** on this **15th day** of **September, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE